# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **ROOSEVELT LEE, JR.,**　　*Petitioner,*　　v.　　**ROY ODOM,**　　*Respondent.* | **CIVIL ACTION NO.**　**5:24-cv-00111-TES-MSH** |

## ORDER OF DISMISSAL

Pro se Petitioner Roosevelt Lee. Jr., a prisoner at Ware State Prison in Waycross, Georgia, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2011 conviction in the Superior Court of Houston County, Georgia case number 2010-C-44001-L, for Aggravated Assault, False Imprisonment, Burglary, and Hindering a 911 Call. [Doc. 1]. However, a review of this Court's records reveals that Petitioner has filed previous federal habeas corpus petitions challenging this same conviction. *See Lee v. Berry*, Case No. 5:20-cv-00147-MTT-CHW (M.D. Ga. Apr. 16, 2020) (dismissed pursuant to § 2254(b) as untimely); *Lee v. Ward*, Case No. 5:22-CV-00203-TES-CHW (M.D. Ga. Aug. 29, 2022) (dismissed as an impermissible successive petition).

"Before a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000). The instant Petition is considered successive within the meaning of § 2244(b). *See, e.g., Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009) (noting that "[l]ater habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the requirements for authorization under § 2244"). It does not appear, and Petitioner does not allege, that he has received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this Court to consider a successive habeas petition for this 2011 conviction. Without such an order, this Court lacks jurisdiction to consider the successive claims. *See* 28 U.S.C. § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933–34 (11th Cir. 2001) (per curiam).

It is therefore **ORDERED** that the instant Petition be **DISMISSED** without prejudice to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition pursuant to § 2244(b)(3). The Clerk is **DIRECTED** to furnish Petitioner with the application form required by the Eleventh

Circuit.[1] Petitioner's pending motion for the appointment of an attorney [Doc. 2] is **DENIED as moot**.

**SO ORDERED**, this 15th day of April, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "[A] dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas proceeding' for purposes of 28 U.S.C. § 2253(c). Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a [Certificate of Appealability] is thus 'unnecessary.'" *Bolin v. Sec'y, Fla. Dep't of Corrs.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction)). Accordingly, the Court will not address whether Petitioner has met the standards for issuance of a Certificate of Appealability.